Opinion filed May 7, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed May 7, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                             No.
11-08-00210-CV 

                                                                 ____________

 

                         IN
THE MATTER OF THE GUARDIANSHIP OF J.C. SPEER, 

                                                  AN
INCAPACITATED PERSON

 



 

                                        On
Appeal from the County Court at Law

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. G 12,333

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This
appeal stems from the guardianship of an incapacitated person, 85-year-old J.C.
Speer.  Juanita Speer, J.C.=s
wife, appeals from an order appointing a successor guardian of the person and
estate of J.C.  We affirm.  

On
July 28, 2006, J.C. was determined by a court to be incapacitated.  Covenant
Outreach, LLC was appointed guardian of J.C.=s
person at that time.  In November 2006 when the situation became unworkable,
Covenant resigned and Juanita=s
attorney at that time, Mary Lou Cassidy, accepted the appointment as guardian
of J.C.=s person. 
Cassidy resigned in February 2008, after Juanita filed a motion requesting
Cassidy=s removal as
guardian.  On June 24 and 25, 2008, the trial court held a hearing and appointed
the Texas Department of Aging and Disability Services (DADS) as the successor
guardian of the person and estate of J.C.








Juanita
presents three issues on appeal.  In the first issue, she contends that the
trial judge erred in failing to recuse himself and that the denial of her
motion to recuse constituted error.  The record shows that Juanita filed a
motion for recusal or disqualification of the judge of the county court at law,
Judge Al Walvoord.  In the motion, Juanita questioned the impartiality of Judge
Walvoord and asserted that he had a personal bias concerning Juanita and her
attorney.  See Tex. R. Civ. P.
18b.  Pursuant to Tex. R. Civ. P.
18a, the presiding judge of the administrative judicial region promptly
assigned Judge John G. Hyde to hear Juanita=s
motion.  Judge Hyde held a hearing and denied the motion.  The denial of a
motion to recuse is reviewed on appeal for abuse of discretion.  Rule 18a(f).  

At
the hearing on the motion, Juanita=s
attorney stated that Judge Walvoord had become very aggravated with him at a
previous conference, to the point that the judge cursed him and called him a Abastard.@  According to the
attorney, Judge Walvoord also made remarks about Juanita=s age.  Juanita=s
attorney did not think that the judge could be impartial.  

In
contrast, Judge Walvoord stated that he did not remember calling the attorney a
Abastard@ but that, if he did so, he
did it Ain a joking,
negotiational, conversational, kidding concept with regard to the ups and downs
and backgrounds of our dealings together@
during a friendly, informal meeting in the courtroom.  Judge Walvoord stated
that he would not make Aany
kind of aspersion@ of
that sort to the attorney.  Judge Walvoord also stated that he had no
predisposition in this case and that he was not opposed to Juanita or her
attorney.

Because
there was conflicting evidence of what transpired, we cannot hold that Judge
Walvoord abused his discretion in refusing to recuse himself or that Judge Hyde
abused his discretion in denying the motion to recuse.  Furthermore, we note
that nothing in the record from the hearing concerning the appointment of a
successor guardian indicates any partiality on Judge Walvoord=s part.  The first issue is
overruled.  

In
her second and third issues, Juanita complains of errors relating to the
appointment of the guardian.  Juanita argues in her second issue that the trial
court erred in failing to follow the applicable provisions of the Texas Probate
Code when appointing a guardian of the person.  In the third issue, Juanita
contends that the trial court erred in appointing DADS as the successor
guardian even though Juanita was not shown to be ineligible to serve as
guardian.  








We
must review a guardianship determination under an abuse of discretion
standard.  In re Keller, 233 S.W.3d 454, 459 (Tex. App.CWaco 2007, pet. denied); In
re Guardianship of Erickson, 208 S.W.3d 737, 743 (Tex. App.CTexarkana 2006, no pet.). 
We do not conduct an independent review of the findings of fact under
traditional legal and factual sufficiency standards; however, legal and factual
sufficiency are factors to consider in determining whether an abuse of
discretion has occurred.  Keller, 233 S.W.3d at 459-60; Erickson,
208 S.W.3d at 743.  A trial court abuses its discretion when it acts without
reference to any guiding rules and principles.  Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  

In
her second issue, Juanita contends that the trial court failed to apply Tex. Prob. Code Ann. '' 683, 685, 686, 687
(Vernon 2003 & Supp. 2008) (respectively relating to the court=s initiation of
guardianship proceedings, the hearing for appointment of a guardian for the
proposed ward and the proposed ward=s
right to a jury trial, the use of the proposed ward=s medical and psychological records, and the
necessity of obtaining a recent physician=s
exam and report regarding the incapacity of the proposed ward).  As suggested
in DADS=s brief,
Juanita has failed to preserve this issue for appellate review.  To preserve a
complaint for our review, a party must have presented to the trial court a
timely request, objection, or motion.  Tex.
R. App. P. 33.1(a).  Juanita did not complain at the trial court level
of the trial court=s
failures with respect to the provisions of the Probate Code.  She may not raise
these issues for the first time on appeal. 

Furthermore,
the sections of the Probate Code that Juanita refers to in her second issue
relate to the initial guardianship proceedings of a prospective ward, not the
appointment of a successor guardian.  After a guardianship has already been
created, the court may, if necessary, immediately appoint a successor guardian
without citation or notice.  Tex. Prob.
Code Ann. ''
695(a), 759(f) (Vernon Supp. 2008).  J.C. had previously been determined to be
incapacitated, and the guardianship of J.C. had been in place since 2006. 
Although the guardian had resigned, the guardianship had not been terminated. 
The record shows that J.C. remained incapacitated and in need of a successor
guardian.  We hold that the trial court did not err or abuse its discretion in
failing to follow the prerequisites for an initial guardianship proceeding when
it appointed a successor guardian as authorized by Sections 695(a) and 759(f). 
Juanita=s second issue
is overruled.  








In
her third issue, she complains of the trial court=s
choice in guardians.  Juanita, J.C. and Juanita=s
only living child (Joyce Ferguson), and DADS each filed an application to be
appointed guardian.  A trial court has broad discretion in deciding the type of
guardianship and identity of the guardian.  In re Guardianship of Boatsman,
266 S.W.3d 80, 88 (Tex. App.CFort
Worth 2008, no pet.).  Even though it had previously determined in the original
guardianship proceeding in 2006 that Juanita and Ferguson were Aunsuitable@ to be guardians, the trial
court allowed all three parties to present evidence at the 2008 hearing and
apparently reconsidered the issue.  Nothing in the record indicates that the
parties= circumstances
had changed such that Juanita or Ferguson had become suitable, and the
applications of Juanita and Ferguson were again denied.  The trial court ruled
that, because of the Adysfunctional
family dynamics@ in
this case, it would be in the best interest of J.C. to appoint DADS as the
guardian.  The evidence showed that DADS was familiar with and capable of handling
guardianships such as J.C.=s. 
The evidence also showed that the relationship between Juanita and Ferguson had
become extremely difficult and acrimonious.  There was testimony that Juanita
had accused Ferguson and Ferguson=s
husband of kidnapping J.C., that Juanita had filed a lawsuit against Ferguson
and her husband relating to J.C.=s
money, and that the lawsuit was still pending at the time of the hearing.  See
Tex. Prob. Code Ann. ' 681 (Vernon 2003) (persons
disqualified from serving as guardian).  The record also included other
evidence indicating that neither Juanita nor Ferguson was suitable to be J.C.=s guardian.  After
reviewing all of the evidence, we cannot hold that the trial court abused its
discretion in appointing DADS as the successor guardian of J.C.=s person and estate. 
Juanita=s third issue
is overruled.  

The
judgment of the trial court is affirmed.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

May 7, 2009

Panel consists of:  Wright, C.J.,

McCall, J., and
Strange, J.